```
              UNITED STATES DISTRICT COURT
            SOUTHERN DISTRICT OF WEST VIRGINIA

                         CHARLESTON
```

**SAMUEL SOLOMON TAYLOR,**

    **Movant,**

**v.**                                      **CASE NO. 2:08-cr-00222**
                                                                 **CASE NO. 2:09-cv-00826**

**UNITED STATES OF AMERICA,**

    **Respondent.**

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the court is Movant's Motion to Vacate, Set Aside and Correct Sentence pursuant to 28 U.S.C. § 2255 (document # 53, "Motion"), which is supported by a memorandum (# 54). This action was referred to the undersigned by Standing Order for submission of proposed findings and recommendation for disposition.

Movant, Samuel Solomon Taylor ("Defendant"), is serving a sentence of 60 months, upon his guilty plea to possession with intent to distribute five grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1), to be followed by a four-year term of supervised release. (Judgment in a Criminal Case entered March 12, 2009, # 42.) He did not take a direct appeal.

The § 2255 Motion was filed with the Clerk on July 20, 2009. Accordingly, Defendant's Motion was timely filed. The United States filed a response (# 59), and Defendant filed a reply (# 60).

Facts of the Case and Procedural History

The facts are set forth in Defendant's presentence report ("PSR"). It states that on September 29, 2008, the Metropolitan Drug Enforcement Network Team ("MDENT") received information that a person known as "Babyboy" was in possession of an ounce of cocaine base concealed in his groin, at a given address in Charleston, West Virginia, with a blue bicycle in front. (PSR, ¶ 11, at 4.) Patrol officers approached Defendant, conducted a "pat down" search, and felt a "hard rock-like substance" between Defendant's legs. Id., ¶ 14, at 5. Defendant ultimately consented to a search, and an amount of crack cocaine, weighing 21.5 grams, was recovered. Id., ¶¶ 15-17.

Defendant was arrested, a criminal complaint was filed, and he was later released on bond. (## 1, 6, 7.) On October 15, 2008, the grand jury indicted Defendant (# 10). After pretrial discovery, on December 16, 2008, Defendant pled guilty (# 30), without a plea agreement.

Grounds for Relief

Defendant raises the following grounds for relief:

A. Ground one: Ineffective assistance of counsel. Defense counsel was unprepared for pre-sentence investigation report preparation and sentencing hearing. (See memorandum of law.)

B. Ground two: Ineffective assistance of counsel. Defense counsel failed to argue the "safety-valve." (See memorandum of law.)

(Motion, # 53, at 4.)

In the memorandum filed in support of his Motion, Defendant

2

asserts that his attorney's "ignorance of the facts with regard to his truthful giving of all facts pertaining to petitioner's unlawful acts to the United States Attorney wrongfully undermined both his plea and petitioner's ultimate sentencing." (# 54, at 3.)

> Defense counsel should have prepared for petitioner's debriefing by the United States Attorney. Counsel did not. Because he did not, defense counsel was unprepared to provide evidence in the form of third party witnesses and written or printed materials that would have affirmed petitioner's statements. * * * For the same reasons defense counsel was unprepared for the subsequent [debriefing] and immediately following sentencing hearing at which – because of the wrongful characterization of petitioner's debriefing as "untruthful" - this petitioner was wrongfully denied "saf[et]y-valve" treatment. Petitioner's counsel was so woefully unprepared for sentencing that he did not even argue for "safety-valve" treatment for which petitioner was otherwise eligible for as he met all of the requirements if his debriefing had rightfully been determined as "truthful".
>
> * * *
>
> If petitioner had been granted the "safety-valve" as his debriefing was truthful, given competent counsel, petitioner would have received a two-level reduction under the guidelines.

Id. at 3-4. "This petitioner asserts but for defense counsel's ineffectiveness this petitioner would have rightfully received the benefit of the "safety-valve" and been sentenced to a lesser period of incarceration. Id. at 6. Throughout his case, Defendant was represented by Edward H. Wise, Assistant Federal Public Defender.

The United States' Response contends that Defendant has failed to demonstrate that his attorney was unprepared for his debriefing and subsequent sentencing hearing. (# 59, at 6.) The government

further argues that Defendant waived his substantive claims for relief when he failed to take a direct appeal. Id. at 12.

## ANALYSIS

The Supreme Court addressed the right to effective assistance of counsel in Strickland v. Washington, 466 U.S. 668 (1984), in which the Court adopted a two-pronged test. The first prong is competence; movant must show that the representation fell below an objective standard of reasonableness. Id., at 687-91. There is a strong presumption that the conduct of counsel was in the wide range of what is considered reasonable professional assistance, and a reviewing court must be highly deferential in scrutinizing the performance of counsel. Id., at 688-89.

> In order to meet the first prong, movant must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. . . [C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.

Id., at 690.

The second prong is prejudice; "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id., at 694. The court may determine the prejudice prong prior to considering the competency

prong if it is easier to dispose of the claim on the ground of lack of prejudice. Id., at 697. In the context of a case in which a defendant pled guilty, he must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985); Fields v. Attorney General, 956 F.2d 1290 (4th Cir. 1992).

Defendant's complaints about his attorney fail to meet the exacting Hill v. Lockhart standard that he would have insisted on going to trial. Defendant does not suggest in any way that he is innocent; rather he now wishes that his sentence were shorter.

The failure of Defendant to receive a lower sentence pursuant to the so-called "safety valve" is attributable to his decision not to cooperate wholeheartedly with law enforcement. The PSR states as follows:

> 28. **Specific Offense Characteristic**: Pursuant to U.S.S.G. § 2D1.1(b)(11), if the defendant meets the criteria set forth in subdivisions (1)-(5) of U.S.S.G. § 5C1.2, *Limitation on Applicability of Statutory Minimum Sentences in Certain Cases*, the Offense Level shall be reduced by two levels. It appears the defendant meets the criteria established under U.S.S.G. § 5C1.2(a)(1)-(4); however, after receipt of the first draft of the presentence report, the Government advised that Mr. Taylor has not met with the Government and provided all information and evidence he might have concerning the offense of conviction or offenses that were part of the same course of conduct or common scheme or plan. As a result, the Government does not believe the defendant meets the criteria set forth in § 5C1.2(a)(5). Should the Court agree, a decrease pursuant to U.S.S.G. § 2D1.1(b)(11) will not be applicable.

(PSR, ¶ 28, at 6.)

In response to the government's objection, Mr. Weis wrote a letter to the probation officer, informing her that law enforcement officers cancelled the planned debriefing of Defendant on the day he entered his guilty plea, and that he remained willing to meet with the officers, and to be eligible for the safety valve. Id. at 14; # 59-1, Ex. B, at 1.

According to the government's Response, Defendant was debriefed immediately before his sentencing hearing. (# 59, at 10, 13.) During the debriefing, the representatives of the United States found Defendant to be less than truthful and apparently told both him and Mr. Weis their opinion. At the sentencing, when the presiding District Judge raised the safety valve issue, Mr. Weis responded,

> Your Honor, we withdraw our objection concerning that. We do not contend that he's complied with the safety valve requirement.
>
> THE COURT: You do not contend he's entitled to it?
>
> MR. WEIS: Correct.
>
> THE COURT: Are there – does the Government have any objections or any additional objections?
>
> MS. DILLON: No, Your Honor.
>
> THE COURT: Does the defendant? Do you have any additional objections?
>
> MR. WEIS: No, we do not, Your Honor. I'm sorry.

(# 59-1, Ex. A, at 4.)

Defendant's Reply contends that, at the debriefing, the Assistant United States Attorney responded by stating, "We do not think you are fully forthcoming." (# 60, at 3.) He argues that he was not given a fair opportunity to provide all the information he had, and the government acted "wrongfully." Id. at 3-4. Defendant also disputes the level of cooperation required; he asserts that U.S.S.G. § 5C1.2 states that the "'safety-valve statute does not require defendant to offer himself for debriefing as an automatic precondition.' It only requires that he be truthful and fully forthcoming. This the Movant was and still is fully prepared to do." Id. at 4. Finally, he argues that once a defendant has met the criteria for the safety valve, then an appropriately reduced sentence is mandatory. Id. at 5.

The applicable guideline, which mirrors 18 U.S.C. § 3553(f)(3), provides as follows:

> (5) not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement.

U.S.S.G. § 5C1.2(a)(5) (Nov. 1, 2008 ed.). The court has not been able to identify the source of the language quoted by Defendant in the preceding paragraph.

In United States v. Ivester, 75 F.3d 182, 184 (4th Cir.),

cert. denied, 518 U.S. 1011 (1996), the Fourth Circuit addressed the issue of whether "defendants are required to *affirmatively act* to inform the Government of their crimes, or whether it is sufficient that they are *willing* to be completely truthful although the Government never attempts to obtain the information." The Fourth Circuit stated its belief that § 3553(f)(5)'s "plain and unambiguous language obligates defendants to demonstrate, through affirmative conduct, that they have supplied truthful information to the Government." The Court rejected Ivester's contention that the onus should be placed on the Government to seek out defendants for debriefing, commenting that "such a construction is not supported by § 3553(f)(5)'s plain language, and it would lead to an absurd result." Id. at 185.

> We hold, therefore, that defendants seeking to avail themselves of downward departures under § 3553(f) bear the burden of affirmatively acting, no later than sentencing, to ensure that the Government is truthfully provided with all information and evidence the defendants have concerning the relevant crimes. Even if this information is of no use to the Government, it will not prevent the sentencing court from departing downward if all other requirements of § 3553(f) are satisfied. We maintain, however, that defendants cannot claim the benefit of § 3553(f) by the mere fact that the Government never sought them out for debriefing.

Id. at 185-86.

Defendant has failed to show that he made any effort to meet his burden to show that he "truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or

8

of a common scheme or plan." When Mr. Weis withdrew the defense objection to denial of the safety valve reduction, after the clearly unsuccessful debriefing, Defendant sat silent. At no point during the sentencing hearing did Defendant express his desire to provide information to the United States concerning his travel from Detroit, Michigan to Charleston, West Virginia, and his possession with intent to distribute nearly one ounce of crack cocaine. Defendant addressed the court at allocution, but he made no mention of his unfulfilled desire to cooperate with authorities. Mr. Weis did what he could: he lodged a response to the government's objection and he obtained a debriefing prior to Defendant's sentencing. Mr. Weis cannot make his client tell the truth. There is no question that Defendant was not denied effective assistance of counsel with respect to the safety valve.

The undersigned proposes that the presiding District Judge **FIND** that Defendant has failed to show that he was denied effective assistance of counsel in any respect.

It is respectfully **RECOMMENDED** that the presiding District Judge deny Defendant's § 2255 Motion.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Joseph T. Goodwin, Chief United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the

United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(c) of the Federal Rules of Criminal Procedure, the parties shall have fourteen days (filing of objections) and then three days (mailing/service), from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of <u>de novo</u> review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. <u>Snyder v. Ridenour</u>, 889 F.2d 1363 (4th Cir. 1989); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be served on opposing parties and Chief Judge Goodwin.

The Clerk is directed to file this Proposed Findings and Recommendation, to mail a copy of the same to Movant and to transmit it to counsel of record.

<u>December 8, 2009</u>       *Mary E. Stanley*
     Date                Mary E. Stanley
                         United States Magistrate Judge